**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Daniel GRADINARIU, aka Romano,**
**Defendant–Appellee.**

**United States of America,**
**Plaintiff–Appellant,**

v.

**Daniel Gradinariu, aka Romano,**
**Defendant–Appellee.**

Nos. 07–50015, 07–50023.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2008.

Filed June 24, 2008.

Becky S. Walker, Esq., Timothy J. Searight, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellant.

David S. McLane, Esq., Kaye McLane & Bednarski, LLP, Pasadena, CA, for Defendant–Appellee.

Before: THOMPSON, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM *

Daniel Gradinariu ("Gradinariu") appeals his conviction of conspiracy to pos-

---

* This disposition is not appropriate for publication and is not precedent except as provided

sess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 846, and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), for which he was sentenced to 70 months imprisonment. Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b) and we vacate in part, affirm in part and remand.

*The Sentence*

■ The parties agree that the district court erred in imposing a 70–month sentence because the court was required to impose a ten-year sentence pursuant to 21 U.S.C. §§ 841(b)(1)(B)(viii) and 851(a)(1). The 70–month sentence is vacated and we remand for re-sentencing.

*The Confrontation Clause Issue*

■ Gradinariu argues that the district court committed a Confrontation Clause error when it precluded defense counsel from cross-examining witness Magallon regarding the 15–year mandatory minimum sentence he faced but for his cooperation with the government. He argues that because this error was not harmless beyond a reasonable doubt, the conviction should be reversed.

We disagree. No Confrontation Clause error occurred. There was sufficient evidence before the jury for them to know that Magallon was testifying pursuant to a plea agreement. The jury knew that if he testified to the government's satisfaction, the government could recommend a reduction in his sentence. The jury also knew Magallon could not receive less prison time unless the government requested it. Finally, though the jury did not know that

Magallon faced a mandatory 15–year sentence, numerous references to a hypothetical 18–year sentence were made before the jury.

Because there was sufficient evidence relating to the rejected testimony for the jury to assess Magallon's credibility, we conclude there was no Confrontation Clause violation. *See United States v. Larson,* 495 F.3d 1094, 1103 (9th Cir.2007) (en banc). We need not reach the question, therefore, whether there was enough evidence apart from Magallon's testimony on which to affirm Gradinariu's conviction. *See id.* at 1107–08.

VACATED in part, AFFIRMED in part, and REMANDED.